*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* BS, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

      Petitioner-Appellee,

v

BS,

      Respondent-Appellant.

UNPUBLISHED
January 23, 2025
9:53 AM

No. 370879
Midland Circuit Court
Family Division
LC No. 23-005515-DL

---

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Respondent, a juvenile, appeals by right the trial court's dispositional order committing her to an open-ended term of detention following her violation of probation on an underlying offense of illegal entry, MCL 750.115(1).[1] We affirm.

## I. BACKGROUND

This case arises out of an incident in which respondent illegally entered the home of her neighbor, i.e., entered without permission, and took some property belonging to the owner. Respondent was apprehended shortly after. At her adjudication, she admitted to the offense; at the dispositional hearing, the court ordered that respondent serve a nine-month term of probation.

Shortly after starting probation, respondent left her home, did not return, and absconded from probation. Respondent maintained contact with some third parties, including her sister, but failed to contact her probation officer. Respondent finally returned on either March 30, 2024 or

---

[1] MCL 750.115(1) was amended by 2023 PA 528, which went into effect after respondent's adjudication. The amendment did not substantively change the language of the provision under which respondent was adjudicated.

-1-

March 31, 2024, which was 11 or 12 days before her next scheduled dispositional review hearing on April 11, 2024. In total, respondent absconded from probation for approximately seven months.

At the violation of probation and dispositional review hearing on Monday, April 1, 2024, respondent admitted to violating her probation by being away without leave of the court. Petitioner, the Midland County Prosecutor's Office, recommended that respondent be committed to an open-ended term of detention so that the court could know where she was, arguing that it was the least restrictive placement to meet the needs of the community and for her safety and well-being. Respondent's defense counsel agreed with this recommendation. The court adopted the recommendation, stating:

> It's quite stunning[, respondent,] that you have the audacity to put everybody to this amount of worry and . . . effort. And you had it within your power, I have no doubt, of contacting someone back in August so that the intervening months here were not as traumatic for not only your mother, but the court. The amount of work that went into this by way of 1aw enforcement and the . . . court system is . . . is stunning. And you will be kept for an open-ended period time at the Juvenile Justice Center. And what that means is that you are going to dig yourself . . . out of the detention. And it will take a lot for me to think that you are anything other than a flight risk. So I will listen to whatever evidence is given to me, but you best be on your best behavior is all I have to say.

The court also ordered an open-ended term of probation.[2]

## II. STANDARD OF REVIEW

Because respondent did not object to the disposition, the issue of whether it was an error is unpreserved. This Court reviews unpreserved issues for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To avoid forfeiture under the plain-error rule, it must be established that error occurred, that the error was clear or obvious, and that the error affected respondent's substantial rights; for this Court to reverse, it must also conclude that the error "resulted in the conviction of an actually innocent defendant" or "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id* at 763-764 (quotation marks and citation omitted; alteration in *Carines*).

## III. DETENTION ORDER

Respondent argues that the trial court erred by committing her to an open-ended term of detention because there was no evidence respondent posed a substantial risk to the welfare of herself or society. We disagree.

MCR 3.902(B) instructs the court to "ensure that each minor coming within the jurisdiction of the court shall . . . receive the care, guidance, and control, preferably in the minor's own home, that is conducive to the minor's welfare and the best interests of the public" in a delinquency

---

[2] Due to the hearing that took place on April 1, 2024, the dispositional review scheduled for April 11, 2024 was cancelled.

proceeding. If a trial court finds that a juvenile has violated the terms of the juvenile's probation, it "may modify the existing order of probation or order any disposition available under MCL 712A.18 or MCL 712A.18a." MCR 3.944(E)(1). The court may enter a dispositional order that is "appropriate for the welfare of the juvenile and society in view of the facts proven and ascertained," but it must order that the juvenile remain with their parent if doing so would not "cause a substantial risk of harm to the juvenile or society." MCL 712A.18(1). The dispositional orders listed under MCL 712A.18 include commitment to a public institution. MCL 712A.18(1)(e).

"The court has broad authority in effectuating dispositional orders once a child is within its jurisdiction." *In re Sanders*, 495 Mich 394, 406; 852 NW2d 524 (2014). This Court affords dispositional orders "considerable deference on appellate review." *Id.* "In making second and subsequent dispositions in delinquency cases, the court must consider imposing increasingly severe sanctions, which may include . . . ordering a juvenile who has been residing at home into an out-of-home placement." MCR 3.943(E)(2).

At the trial court's initial disposition hearing on August 11, 2023, the court noted that respondent had been actively participating in the services offered to her, ordered that she remain in the care of her mother, and ordered that she complete a nine-month term of probation during which would be required to participate in counseling. Shortly into this term of probation, respondent went away without leave of the court and remained missing for approximately seven months, i.e., she absconded from probation. While respondent was absconding, she was not participating in school or counseling, which was harmful to her welfare by hindering her education and development. Additionally, she was absent from the dispositional review hearings that took place on November 1, 2023 and January 24, 2024, which was likewise harmful to her well-being because she did undergo the court supervision that was intended to assist with her rehabilitation. While respondent contends that the trial court improperly considered its own "trauma" when committing her to an open-ended term of detention, the trial court reasonably determined from respondent's seven-month absence that she was a flight risk. We agree with the trial court that respondent's act of absconding indicated that she posed a substantial risk to herself and the community. Furthermore, placement in a secure facility was necessary because there was no appropriate less restrictive placement available, considering the best interests of respondent, because her parent was unable to provide the care, guidance, and control that would have been conducive to respondent's welfare as evidenced by that fact that her whereabouts were unknown for approximately seven months. Simply stated, respondent made a poor decision to violate

probation for a lengthy period of time.[3]  We conclude that the trial court did not plainly err by committing respondent to an open-ended term of detention.

Affirmed.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace

---

[3] Based on the record before us, which includes times in the past when respondent was compliant with services and attending school, we believe the most likely outcome is that, with the assistance of the services provided, respondent will learn to make the right decisions.  However, this Court is not tasked with determining when in the future she should be released from detention; rather, we are tasked with determining whether the trial court plainly erred when it committed respondent to an open-ended term of detention and we conclude that it did not plainly err.